**BANNER SIGHTSEEING COMPANY/DAVID E. KLINGAMAN, Petitioner,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent.**

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION**

v.

**David E. KLINGAMAN, et al., Appellants.**

**Nos. 83–1413, 83–1901.**

United States Court of Appeals, District of Columbia Circuit.

Argued 23 March 1984.

Decided 17 April 1984.

Lawrence E. Lindeman, Washington, D.C., for petitioner/appellant. David E. Klingaman was on the brief pro se.

Gregory Paul Barth, Washington, D.C., for respondent/appellee. Joel C. Weingarten, Washington, D.C., also entered an appearance for respondent/appellee.

Before WILKEY, Circuit Judge, McGOWAN, Senior Circuit Judge, and GESELL,[*] United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

The petitioner and appellants in these cases contend that the Washington Metropolitan Area Transit Commission lacked jurisdiction to regulate their activities. The thesis underlying this claim is that the Commission is empowered to regulate only "transportation," and the petitioners' and appellants' primary business is "sightseeing." Although their sightseeing business involves transportation for hire, the petitioner and appellants argue that this transportation is only incidental to the sightseeing and so is not reachable by the Commission under the powers granted it by Congress.

Many cases of this Court have implicitly recognized that transportation operations which are tied to sightseeing operations are subject to the jurisdiction of the WMATC. *See, e.g., Holiday Tours v. WMATC,* 352 F.2d 672 (D.C.Cir.1965). Nothing in the law strips the WMATC of its jurisdiction simply because those providing transportation for hire are also in another business; the law looks only to whether transportation for hire is involved. Washington Metropolitan Area Transit Regulation Compact, D.C.Code § 1–2411 (1981 Ed.). The WMATC thus had jurisdiction in this case.

The other contentions of the petitioner and appellants are also without merit. For the foregoing reasons, the district court and WMATC decisions under challenge here are

*Affirmed.*

---

[*] Sitting by designation pursuant to 28 U.S.C. § 292(a).